IN THE MATTER OF Z. PAAKIKI, Attorney in Lower

Courts.

COMPLAINT FOR MALPRACTICE.

HEARING, JULY 27, 1892.    DECISION, DECEMBER 6, 1892.

JUDD, C.J., BICKERTON AND DOLE, JJ.

> An attorney of the Lower Courts suspended from -practice for two years
> for not making inquiries, the circumstances being suspicious, which
> would have led him to ascertain that a deed, whose execution he pro-
> cured to be proven, was a forgery.   The Court will hesitate to disbar
> an attorney on the evidence of *participes criminis*.

OPINION OF THE COURT, BY JUDD, C.J.

The respondent, Z. Paakiki, an attorney of the Lower Courts,
was cited at the May Term, 1892, of the Circuit Court of the
Third Judicial Circuit, to show cause why he should not be dis-
barred.   On motion of respondent, the Deputy Attorney-Gen-
eral and the Court consenting, the matter was brought to the
Supreme Court, and was heard during the July Term by Chief
Justice Judd and Mr. Justice Bickerton, Mr. Justice Dole being
unable to sit, he holding the Term, but, having read the testi-
mony, joins in the decision.

The charge against the respondent is in substance as follows:
That at Honokaa, Hamakua, Hawaii, on the 29th of October,
1890, he advised, procured and caused Kamakawiwoole, J. W.
Kaluahine and S. W. Kalua to appear before R. A. Lyman, a
Notary Public, and sign and make oath to affidavits that they
were present on the 26th of July, 1890, and saw one Kaholo-
kahi sign a deed of conveyance of land from him to Kaikaina,
the respondent, well knowing that this was untrue, and that the
said deed was false and forged.

And, further, that on the 22d of November, 1890, the respondent advised, procured and caused the same persons to appear before Hon. F. S. Lyman, Circuit Judge of the Third Judicial Circuit, while at Honokaa, in Hamakua, Hawaii, and make oath that they had seen Kaholokahi sign the said deed on the 26th of July, 1890, respondent well knowing, having been so informed by those witnesses, that they did not see Kaholokahi sign the deed, and that it was false and forged. At the May Term, 1892, of the Circuit Court of the Third Circuit, S. W. Kalua and J. W. Kaluahine were tried for the forgery of the said deed. Kalua was convicted and Kaluahine acquitted by the jury.

The alleged grantor Kaholokahi was, on Thursday (July 24th, 1890) run over by a railroad car at Honokaa, his head and chest receiving severe injuries, of which he died on Saturday night, July 26th. The testimony before us of Kamakawiwoole and J. W. Kaluahine is to the effect that Kaholokahi, after receiving these injuries from the railroad accident, lay in a condition of pain and weakness from Thursday, when the accident occurred, until Saturday when he died, and that no instrument of any character was signed by him, and that he was not in a condition to have done any such act. Kaluahine visited Kaholokahi four times, and Kamakawiwoole and his wife stayed with the injured man all the time until he died. They say that this accident was well known throughout the district, and that many people came to see Kaholokahi. They both say that Paakiki, the respondent, knew that Kaholokahi had died without making a deed, but that he urged them to appear as witnesses, both before R. A. Lyman, Notary Public, and Honorable F. S. Lyman, Circuit Judge, and testify that they were present and saw Kaholokahi execute the deed in question. They also say that Kalua, who was the father of the grantee named in the forged deed, urged them to be witnesses and paid them for it. The fact that the deed, when presented to both the Notary Public and the Circuit Judge, did not have the names of any subscribing witnesses thereto, made it impossible to prove its execution in order to admit it to record. The respondent's first

effort was to take the testimony of witnesses who said before the Notary that they saw the deed executed. This was in October of 1890. About a month later the deed was taken by respondent before the Circuit Judge for proof, and Judge Lyman endorsed upon the deed the statement that Kaluahine and Kalua were present when the deed was executed by Kaholokahi.

A strange incident in this case is that a copy of this deed was made by some one, including Judge Lyman's certificate and signature, sent by Kalua to the Record Office in Honolulu, and by the officials there inadvertently recorded as though it was genuine, and sent back to Kalua. And another strange feature is that this instrument now contains the word " copy " above Judge Lyman's certificate, whereas when it was produced at the Registry Office for record it did not have this word upon it. H. P. K. Malulani, a brother attorney of respondent, and apparently not very friendly with him, says that Sheriff Hitchcock interrogated him at the November Term, 1890, and showed him the deed in question, and that it contained the word " copy," as above set forth, and that he had a conversation with Paakiki, and that Paakiki said that he was all right now, as the deed contained the word "copy," for if it had been the original deed which Hitchcock had he would be "pilikia," but now he was out of trouble, as the deed was only a copy.

An artful and deliberate forgery was undoubtedly accomplished in this case. Kalua is now undergoing punishment for it. But the witnesses implicating the respondent in this matter, if not *participes criminis*, have told falsehoods to both the Messrs. Lyman, and we are averse to disbarring a practitioner in court upon the testimony of men of such bad character. They now say that the testimony that they gave was false, and that the real fact is that Kaholokahi died without making any deed, and that the respondent did procure their false testimony. Although they may be believed as to the principal facts in the forgery, they may wish to exculpate themselves from having given false testimony, by saying they were instigated to this by an attorney, the respondent. It may be true. Whether true or not, the conduct of the respondent in not, as he admits, mak-

ing careful and specific inquiries as to the physical and mental capacity of Kaholokahi while lying on his deathbed, suffering from severe injuries which caused his death in three or four days, the accident being notorious, the length of time over which these transactions were spread affording him abundant opportunity for investigation, is very reprehensible. His persistence in behalf of this forged deed is very suspicious, and to protect the community against the repetition of such frauds we feel obliged to suspend the respondent from practice for the period of two years.

*C. Creighton,* Deputy Attorney-General.

*W. C. Achi,* for respondent.